```
                 UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW JERSEY
_____
                              :
UNITED STATES OF AMERICA      :
                              :   Crim. No. 17-409 (NLH)
     v.                       :
                              :   Opinion
JUAN CASADO, JR.,             :
                              :
          Defendant           :
_____:
```

**APPEARANCES**:

ERICA T. DUBNO
HERALD PRICE FAHRINGER PLLC D/B/A FAHRINGER & DUBNO
43 WEST 43RD STREET - SUITE 261
NEW YORK, NY 10036

    *Counsel for Defendant*

GABRIEL VIDONI
OFFICE OF THE U.S. ATTORNEY
401 MARKET STREET - 4TH FLOOR
CAMDEN, NJ 08101

    *Counsel for the United States*

**Hillman, District Judge**

Before the Court is Defendant Juan Casado, Jr.'s ("Defendant") Motions for Reduction of Sentence under the First Step Act 18 U.S.C. 3582 (c)(1)(A). [Dkt. Nos. 27, 30]. Defendant also filed a Motion for Bail pending the disposition of the aforementioned motions. [Dkt. No. 28]. The Court held a hearing on these Motions on June 1, 2021. At that hearing, the Court requested that the parties provide supplemental information regarding the percentage of vaccinated staff at FCI

1

Fort Dix, information on Defendant's release date, and whether the Bureau of Prisons ("BOP") has amended early-release criteria in light of COVID-19.  For the reasons expressed below, Defendant's Motions will be denied.

**Background**

Defendant Casado pled guilty to Conspiracy to Distribute and to Possess with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Oxycodone on May 17, 2018. From December 2012 to December 2014, Defendant and his co-conspirators sold more than 2,000 Oxycodone pills to undercover FBI agents throughout the District of New Jersey.  On May 16, 2019, the undersigned judge sentenced Defendant to a term of imprisonment of forty-six (46) months, followed by a term of three years of supervised release.  [Dkt. No. 26].

Defendant's latest Sentencing Monitoring Computation Data from June 3, 2021, provides that he is scheduled to be released on July 6, 2022.  In a supplemental letter, Defendant advises that this date is "more than six months later than it was back in January" when the initial compassionate release motion was filed.  [Dkt. No. 41].  The Government provides that Defendant's statutory release date, assuming he qualifies for all good time credit, is December 20, 2022.  [Dkt. No. 42].  If Defendant completes the Residential Drug Abuse Program ("RDAP"), his conditional release date will

2

be July 6, 2022.  *Id.*  Furthermore, Defendant may be eligible for placement in a community confinement center as early as October 5, 2021, if he completes the unit-based portion of the RDAP Program.  *Id.*  In sum, Defendant has served more than half of his sentence and may have as little as approximately twelve (12) months remaining on his sentence with some portion of that time in a community corrections facility.

Defendant Casado brought his first Motion for Reduction of Sentence Under the First Step Act on December 8, 2020, [Dkt. No. 27] and followed up with a Motion for Bail Pending resolution of his compassionate release motion on December 30, 2020.  [Dkt. No. 28].  He appears now before the Court upon a counseled Motion for Reduction of Sentence Under the First Step Act filed on his behalf on January 6, 2021.  [Dkt. No. 30].  The Government filed in opposition on January 28, 2021.  [Dkt. No. 32].

**Legal Standard**

Under the First Step Act, a court may afford a defendant "compassionate release for 'extraordinary and compelling reasons.'" *United States v. Sellers*, Crim. No. 10-434, 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020) (quoting 18 U.S.C. § 3582(C)(1)(A)(i)).  Before bringing a motion for reduced sentence on their own behalf, defendants first "must ask the Bureau of Prisons ("BOP") to do so on their behalf, give BOP

thirty days to respond, and exhaust any available administrative appeals." *United States v. Raia*, Civ. No. 20-1033, 2020 WL 1647922, at *1 (3d Cir. Apr. 2, 2020) (citing § 3582(c)(1)(A)). "Thus, under the First Step Act, a defendant seeking a reduction in his term of imprisonment bears the burden of satisfying both that he has (1) exhausted remedies before seeking judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *Sellers*, 2020 WL 1972862 at *1 (citing 18 U.S.C. § 3582(C)(1)(A)).

At this second step, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3852(c)(1)(A) "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission, and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Pabon*, Crim. No. 17-165-1, 2020 WL 2112265, at *2 (E.D. Pa. May 4, 2020).

**Discussion**

1. **Defendant has satisfied the exhaustion requirements**

Defendant has fully exhausted his administrative rights in this case after applying to the FCI Fort Dix warden on November 6, 2020.  The warden denied his request, and more than thirty days have passed since the request was filed.  The Government

4

agrees that Defendant has exhausted his administrative remedies, as required by the statute.

2. **Defendant fails to establish "extraordinary and compelling" reasons for his release**

Defendant argues that his medical conditions place him at a high risk for complications from COVID-19.  Specifically, Defendant advises that he was formerly morbidly obese and had gastric bypass surgery in 2013.  As of January, his BMI was 31.7, which according to the Center for Disease Control is clinically obese.  Defendant also has a history of smoking cigarettes and high blood pressure.  At the time Defendant filed his Motion in January, his cellmate at Fort Dix had tested positive for COVID-19.  Since that filing Defendant has contracted and recovered from COVID-19 with minimal side effects while incarcerated at Fort Dix.[1]  Defendant advises that he still experiences symptoms, to include shortness of breath, chest tightness, and headaches.  Defendant's motions and subsequent filings raise generalized concerns about the COVID-19 pandemic, despite his recovery from the virus and subsequent vaccination.

---

[1] As of July 22, 2021, FCI Fort Dix has completed 254 full staff inoculations and 1710 full inmate inoculations.  1830 inmates have tested positive for COVID-19, and there have been 2 inmate deaths.  There are no current infections among inmates or staff. *See* Federal Bureau of Prisons *COVID-19 Coronavirus COVID-19 Cases* available at https://www.bop.gov/coronavirus/ (last visited July 22, 2021).

The Government disagrees that Defendant presents "extraordinary and compelling" reasons for his release. The Government argues that BOP medical personnel have provided Defendant with medical care while incarcerated that addresses his blood pressure issues, and that his weight has decreased since he entered BOP custody. [Dkt. No 32, page 2]. Furthermore, the Government argues that Defendant contracted COVID-19 and experienced minimal symptoms. *Id.* While the Government concedes that Fort Dix has experienced surging COVID-19 infection rates in the past, at the time of this Opinion the facility's mitigation efforts appear to be effective.

In its updated response in opposition [Dkt. No. 38], the Government advises that Defendant has received two doses of the Pfizer COVID-19 vaccine and argues for the efficacy of the vaccine. Being vaccinated, the Government argues, denotes Defendant's ability to provide effective "self-care" against the virus, and thus he does not present any extraordinary or compelling reasons for release. This Court agrees.

Regarding Defendant's vaccination status, the Court takes caution to neither punish nor incentive this Defendant or others with respect to their acceptance or refusal to receive the COVID-19 vaccine and will view this issue standing alone as a neutral factor. While the Court is encouraged by Defendant's vaccination status in light of well-established and accepted

6

evidence that the available vaccines are both safe and effective, undue weight will not be given, positively or negatively, to Defendant's decision. Nonetheless, the Court finds that Defendant, at 37 years old, fully vaccinated, and with some natural immunity, does not, on the record as a whole, present "extraordinary and compelling" reasons supporting his release. This is especially so given that his health conditions are successfully managed by BOP medical personnel with proper medication, his weight condition has improved, and FCI Fort Dix's efforts at controlling the spread of COVID-19.

### 3. 3553(a) Factors weigh against Defendant's favor

Even if Defendant could establish extraordinary and compelling circumstances for his release, the Court may reduce an inmate's sentence only if the applicable sentencing factors under § 3553(a) warrant a reduction.[2]  Here, they do not.

Defendant claims that he satisfies several of the § 3553(a) factors, in that he has already served the majority of his sentence for a non-violent crime and that he has accepted full responsibility. Additionally, he points to his exemplary behavioral record in prison and his progress in working to complete the RDAP program.

---

[2] The Court need not consider U.S.S.G. § 1B1.13 (policy statement) as the Defendant fails to provide extraordinary and compelling reasons for his release and fails to demonstrate that the § 3553(a) factors favor release.

7

The Government argues that these § 3553(a) factors weigh against the Defendant, and the Court agrees. Defendant's incarceration is based upon his sale, and conspiracy to sell, large amounts of Oxycodone while the nation was facing an opioid abuse epidemic, which continues. This represents a serious crime for which a lengthy prison term is just punishment. 18 U.S.C. § 3553(a)(2)(A). A lengthy sentencing for trafficking in opioids may deter others engaged in or contemplating such a crime. 18 U.S.C. § 3553(a)(2)(B). The Government acknowledges Defendant's efforts at rehabilitation and the Court recognizes this positive work as well. 18 U.S.C. § 3553(a)(1) and 18 U.S.C. § 3553(a)(2)(D). Although Defendant is currently incarcerated for a non-violent crime, the Government notes that Defendant has previous convictions for assault in the third degree and possession of a forged instrument. These convictions represent a need for specific deterrence. 18 U.S.C. § 3553(a)(2)(B) and (D). Overall, and on balance the § 3553(a) factor counsel against an early release.

**Conclusion**

For the reasons contained herein, Defendant's Motions for Reduction of Sentence Under First Step Act [Dkt. Nos. 27, 30] will be denied. Also, as a convicted and sentenced defendant, Defendant is not entitled to bail. Accordingly, Defendant's Motion for Bail [Dkt. No. 28] will similarly be denied.

    An accompanying Order shall issue.

Dated:  7/28/2021                    /s/ Noel L. Hillman
At Camden, New Jersey       NOEL L. HILLMAN, U.S.D.J.